## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

        v.

WHITE RIVER REGIONAL
HOUSING AUTHORITY and
DUANE JOHNSON,

        Defendants.

CASE NO.: 3:21-cv-204

## CONSENT ORDER

### I.    INTRODUCTION

1.    This action was brought by the United States to enforce the provisions of Title VIII of the Civil Rights Act of 1968 (the "Fair Housing Act" or the "FHA"), as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601-3619. The United States brought this action on behalf of Michelle Stormont pursuant to Section 812(o) of the Fair Housing Act, 42 U.S.C. § 3612(o).

2.    The United States alleges in its Complaint that in June 2020, when Ms. Stormont applied for a Housing Choice Voucher (HCV) from Defendant White River Regional Housing Authority (Defendant WRRHA), a housing authority with its principal place of business in the Northern Division of the Eastern District of Arkansas, Defendant Duane Johnson (Defendant Johnson) subjected Ms. Stormont to discrimination on the basis of sex, including unwelcome severe or pervasive sexual harassment. Specifically, the United States alleges that Defendant Johnson

2

subjected Ms. Stormont to unwelcome touching by caressing a tattoo on her leg, requests full-frontal nude photographs in exchange for his assistance in finding available housing, graphic descriptions of the poses he wanted for the photographs, unwanted photographs of other scantily clad or topless individuals, unwelcome sexual advances by asking her to "play," commenting on her appearance, stating that she made him "frisky," and threats to take adverse actions, such as posting nude photographs of Ms. Stormont on Facebook if she reported him. The United States alleges that Ms. Stormont abandoned the voucher process shortly after being notified she was selected from the waitlist because she was afraid of Defendant Johnson. The United States also alleges that Defendant WRRHA is liable for the discriminatory conduct of Defendant Johnson, who was acting as its agent with actual or apparent authority to manage all aspects of the HCV program in Cleburne and Van Buren counties. The United States further alleges that the discriminatory conduct described above occurred within the scope of Defendant Johnson's agency relationship with Defendant WRRHA, or was aided by the existence of that agency relationship.

3. The United States alleges that by the conduct described above, Defendants have:

   a. Denied housing or otherwise made housing unavailable because of sex, in violation of 42 U.S.C. § 3604(a);

   b. Discriminated in the terms, conditions, or privileges of the rental of a dwelling, or in the provision of services or facilities in connection therewith, because of sex, in violation of 42 U.S.C. § 3604(b);

   c. Made statements with respect to the rental of a dwelling that indicated a preference, limitation, or discrimination based on sex in violation of 42 U.S.C. § 3604(c); and

   d. Coerced, intimidated, threatened, or interfered with a person in the exercise or enjoyment of, or on account of her having exercised or enjoyed, rights granted

3

or protected by 42 U.S.C. § 3604(a), in violation of 42 U.S.C. § 3617.

4.      The United States and Defendants (collectively, the "Parties") agree that this Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1345, and 42 U.S.C. § 3612(o).

5.      The Parties have agreed that the claims against Defendants should be resolved without further litigation.  Therefore, the Parties consent to the entry of this Consent Order.

**ACCORDINGLY, it is hereby ORDERED, ADJUDGED AND DECREED:**

**II.      INJUNCTIVE RELIEF**

**A. General Injunction and Nondiscrimination Provision**

6.      Defendants, their officers, employees, agents, successors, heirs and assigns, and all other persons or entities in active concert or participation with them, are hereby enjoined, with respect to the rental of dwellings,[1] from:

    a.      Refusing to rent a dwelling, refusing or failing to provide or offer information about a dwelling, or otherwise making unavailable or denying a dwelling to any person because of sex;

    b.      Discriminating against any person in the terms, conditions, or privileges of renting a dwelling, or in the provision of services or facilities in connection therewith, because of sex;

    c.      Stating any preference, limitation, or discrimination on the basis of sex; and

    d.      Coercing, intimidating, threatening, or interfering with any person in the exercise or enjoyment of, or on account of having exercised or enjoyed, or on

---

[1]   The term "dwellings" has the meaning set out in the Fair Housing Act, 42 U.S.C. § 3602(b).

account of having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by the Fair Housing Act, including by retaliating against any persons exercising their rights under this Consent Order.

**B. Injunction as to Defendant Duane Johnson**

7.      Defendant WRRHA represents that it no longer employs Defendant Johnson and will not employ him in the future in any capacity.

8.      Defendant Johnson is permanently enjoined from directly or indirectly participating in any public housing program provided under the United States Housing Act, 42 U.S.C. §§ 1437 – 1437z-8, including but not limited to:

    a. Holding any ownership, partnership, or beneficiary interest whatsoever, whether direct or indirect, in any entity whatsoever that has entered into an "assistance contract" or which owns, leases, or otherwise provides housing that is the subject of "assistance payments" or "tenant-based assistance" pursuant to 42 U.S.C. § 1437(f);

    b. Serving as an officer for any entity that engages in the conduct described in Paragraph 8 and 8(a).

    c. Being employed in any capacity whether directly or indirectly, by any entity whatsoever that engages in the conduct described in Paragraph 8 and 8(a).

    d. Managing, supervising, directing, inspecting, or otherwise providing any service whatsoever for any housing or entity that participates in or is in any way connected to any housing assistance program described in Paragraph 8, or which is the subject of an "assistance contract," "assistance payments," or "tenant-based assistance" pursuant to 42 U.S.C. § 1437f.

5

9.      Defendant Johnson is also permanently enjoined from directly or indirectly performing any "Property Management Responsibilities" as defined herein at any residential rental property. "Property Management Responsibilities" include the following: performing or supervising repairs or maintenance; advertising dwelling units for rent; showing or renting dwelling units; processing rental applications; negotiating rents and security deposits; determining tenant eligibility for subsidies or waivers of fees and rents; inspecting dwelling units; collecting rent and fees; overseeing any aspects of the rental process; or engaging in any other property-related activities that involve, or may involve, personal contact with tenants or prospective tenants.

10.      Defendant Johnson is permanently enjoined from entering any part of any residential rental property that Defendant WRRHA owns or controls, or comes to own or control, during the term of this Order (the "WRRHA Properties").[2]  This includes, but is not limited to, the dwelling units, basements, communal spaces, yards, parking areas, and garages.

11.      Defendant Johnson is permanently enjoined from purposefully or knowingly engaging in contact or communications, either directly or indirectly, with Ms. Stormont. "Contact or communications" includes, but is not limited to, physical contact, verbal contact, telephone calls, e-mails, faxes, written communications, text or instant messages, contacts through social media, or other communications made directly or through third parties.  In the event that Defendant Johnson inadvertently or unintentionally initiates any contact with Ms. Stormont, Defendant Johnson will immediately discontinue the contact or communication and take all reasonable steps to avoid any further contact or communication.

---

[2] Defendants have provided a complete and current list of the residential rental properties they currently own or control, which is incorporated by reference herein and attached to this Order as Attachment A.

12.    Mr. Johnson represents that he does not own or control any residential rental properties. Should Defendant Johnson come to have any direct or indirect ownership or control of any residential rental property, he will, within no more than fifteen (15) days of acquiring such ownership or control, retain an independent manager, approved by the United States (hereinafter "Independent Manager") to manage such properties. For the purposes of this Consent Order, an Independent Manager is an individual or entity that is experienced in managing residential rental properties and in which Defendant Johnson, or any corporations or entities of which he is an officer, partner, employee, or agent, has no current or past financial, contractual, personal, or familial relationship.

13.    If after retaining the Independent Manager, Defendant Johnson wishes to change Independent Managers, he may do so, provided that any such subsequent Independent Manager is approved in advance by the United States.

14.    The Independent Manager will maintain a place of business other than the personal residence of Defendant Johnson. No client will be required to go to Defendant Johnson's personal residence to transact business related to his or her tenancy.

15.    Only the Independent Manager will be authorized to perform any aspect of management of Defendant Johnson's propert[ies] that are rented or available for rent, including but not limited to showing and renting units; processing rental applications; making, responding to, or supervising repairs; setting rents and security deposits; determining tenant eligibility for subsidies or waivers of fees and rent; determining whom to rent to, whom to evict, and/or whose lease to renew or not renew; inspecting dwelling units; collecting rent and fees; overseeing all aspects of the rental process; and engaging in any other management activities at Defendant Johnson's propert[ies] that involve, or may involve, personal contact with tenants or prospective tenants.

7

16.     For as long as Defendant Johnson owns or otherwise controls any residential rental properties, the Independent Manager will be required to do the following:

  a.  Ensure that any and all employees who will be performing any duties in relation to Defendant Johnson's propert[ies] are familiar with the requirements of the Fair Housing Act, particularly as they pertain to sexual harassment and other forms of sex discrimination; and

  b.  Notify the United States in the event the Independent Manager obtains any information indicating that Defendant Johnson is in violation of this Consent Decree or the Fair Housing Act.

17.     Defendant Johnson will not enter the premises of any of his residential rental propert[ies] except upon prior approval by the United States for an inspection with the Independent Manager or in the event of exigent circumstances, but only for the period of the exigency. The Independent Manager must accompany Defendant Johnson to any such inspection and remain physically present on the premises at all times that Defendant Johnson is on the premises of the property.

18.     Defendant Johnson hereby consents to counsel for the United States communicating directly with the Independent Manager regarding Defendant Johnson's compliance with this Consent Decree without the involvement or participation of Defendant Johnson or his counsel.

19.     No other provision of this Consent Decree should be construed to permit Defendant Johnson to engage in any activities or conduct prohibited above.

8

**C. Non-Discrimination Policy and Procedures**

20.     Within (45) days of the effective date of this Consent Order, Defendant WRRHA will submit for the United States' approval,[3] a written policy prohibiting sex discrimination, including sexual harassment, and other forms of housing discrimination, including discrimination based on race, color, religion, national origin, familial status, or disability. This written policy will include a formal complaint procedure. The policy and procedure will apply to all WRRHA offices and services. The policy will inform all employees that they may not make sexual comments, sexual advances, or demand that any client or prospective client perform sex acts in exchange for any WRRHA benefits or HCV benefits. It will also inform employees that any employee found to be engaging in such conduct will be disciplined, up to and including termination from employment. Any WRRHA employee who demands that any client or prospective client perform a sex act in exchange for any WRRHA benefits will be terminated from employment. Any employee who makes sexual comments or sexual advances to any client or prospective client of WRRHA may be terminated.

21.     This policy and procedure will be implemented within five (5) days of notification from the United States to Defendants that the policy and procedure are satisfactory to the United States. At that time, Defendant WRRHA will notify all current clients and current employees and agents of the policy and procedure.

---

[3] All documents or other communications required by this Consent Order to be sent to counsel for the United States shall be sent by commercial (non-USPS) overnight delivery service addressed as follows: Chief, Housing and Civil Enforcement Section, Civil Rights Division, United States Department of Justice, 150 M Street, NE, Washington, D.C., 20002, Attn: DJ 175-9-143, or as otherwise directed by the United States. A courtesy copy may also be emailed.

9

22.     Within ten (10) days of this notification, Defendant WRRHA will certify in writing to the United States that the policy and procedure have been implemented and will provide a list of all clients, employees, and agents notified in accordance with this paragraph. Thereafter, the policy and procedure will be distributed to all new clients when they apply for benefits and all new employees upon commencing their employment.

23.     Defendant WRRHA will secure a signed statement from each agent or employee of Defendant WRRHA acknowledging that he or she has received and read the nondiscrimination policy, has had the opportunity to have questions about the nondiscrimination policy answered, and agrees to abide by the relevant provisions of the nondiscrimination policy. During the term of this consent order, if Defendant WRRHA wishes to modify or alter this policy or procedure, Defendant WRRHA will submit any proposed changes to counsel for the United States for review and approval before any such changes may be implemented.

24.     Defendant WRRHA will post its written complaint procedure in a conspicuous and well-lit location in its offices and service locations in which it regularly conducts business with prospective or current clients. Defendant WRRHA will also post the complaint procedure in a conspicuous location on its website. Defendant WRRHA will provide this complaint procedure to any prospective or current client of WRRHA within 90 days of entry of this Consent Order, to new clients upon their initial application for WRRHA services, and upon receipt of any complaint, whether in writing or made verbally by a prospective or current client.

### D. Additional Obligations of Defendant WRRHA

25.     Provided that Ms. Stormont continues to meet the eligibility requirements of the program and that she notifies WRRHA within six months of the entry of this order that she wishes to be reinstated in the program, WRRHA will reinstate Ms. Stormont into the HCV program within ten (10) days of her request.

10

26.   Defendant WRRHA will ensure that all advertising conducted for any of the WRRHA Properties or Programs in newspapers, telephone directories, radio, television, Internet websites, social media, other media, and all billboards, signs (including at the properties), pamphlets, brochures, and other promotional literature, include either a fair housing logo, the words "equal housing opportunity provider," and/or the following sentence: "We are an equal opportunity housing provider.  We do not discriminate on the basis of race, color, national origin, religion, sex, familial status, or disability."   The words or logo will be legible and prominently placed.

27.   Defendant WRRHA will maintain all records kept in relation to WRRHA clients and allow the United States to inspect and copy such records upon reasonable notice.

28.   Defendant WRRHA will provide any information reasonably related to compliance with this Order that is requested by the United States.

### E.   Acquisition or Transfer of Interest in Residential Rental Properties

29.   If either or both Defendants acquire a direct or indirect management, ownership, financial, or controlling interest in any other residential rental property during the term of this Order, such property will be subject to the applicable provisions of this Order.  Defendant(s) must provide written notification to the United States within fourteen (14) days of acquiring such an interest. Defendant(s) will further provide the United States with copies of any documents memorializing the transfer in interest of the property.

30.   If, prior to the effective date or at any time during term of this Order, Defendant WRRHA sells or transfers any property listed in Attachment A, or either or both Defendants sell or transfer any property acquired under Paragraph 29, to a bona fide, independent third-party purchaser in an arms-length transaction, such property will cease to be subject to this Order.  For purposes of this Order, a "bona fide, independent third-party purchaser" is one with whom Defendants have no current or past financial, contractual, personal, or familial relationship. An "arms-length transaction"

is one that has been arrived at in the marketplace between independent, non-affiliated persons, unrelated by blood or marriage, with opposing economic interests regarding that transaction. Defendant(s) will inform the United States within fourteen (14) days of any such transaction and provide documentation sufficient to confirm the sale or transfer, including contact information for the subsequent purchaser.

## III.    EDUCATION AND TRAINING

31.    Within sixty (60) days of entry of this Consent Order, Defendant WRRHA, and all of its employees, agents, and officers whose employment involves interaction with prospective or current clients of WRRHA, will undergo live training on the Fair Housing Act, with specific emphasis on discrimination on the basis of sex, including sexual harassment. Live training may include training provided by streaming or video service (i.e., zoom). The training will include a question and answer session for the purpose of reviewing the foregoing areas. The trainer or training entity will be independent of Defendant WRRHA and their counsel, qualified to conduct such training, and approved in advance by the United States. Any expenses associated with the training will be borne by Defendant WRRHA. Defendant WRRHA will obtain from the trainer certifications of attendance, executed by each individual who received the training. The certification will include the name of the course, the name of the instructor, the date the course was taken, the length of the course and/or time within which it was completed. Defendant WRRHA will send copies of these certifications to counsel for the United States within seven (7) days of completion of the training.

32.    Within thirty (30) days of commencing an employment or agency relationship with Defendant WRRHA, all new agents or employees whose employment involves interaction with prospective or current clients of WRRHA, will undergo a training as described in Paragraph 31. For each such person, Defendants will obtain the certification of attendance described in Paragraph 31 and provide the certification to counsel for the United States within seven (7) days of completion of

12

the training.

### IV.   REPORTING AND DOCUMENT RETENTION REQUIREMENTS

33.    Defendant WRRHA will provide to the United States notification and documentation of the following events, no later than fourteen (14) days after their occurrence:

      a.    Any change to Defendant WRRHA's written non-discrimination policy or the formal complaint procedure discussed in Paragraph 20;

      b.    Any complaint, whether written or oral, against Defendant WRRHA or any of their agents or employees, regarding discrimination in housing, including sexual harassment, or regarding any violation of this Consent Order.  If the complaint is made orally, Defendant WRRHA will maintain a log in which they record the name of the complainant, the address and telephone number of the complainant, the date the complaint was received, the name of the individual who received the complaint, the name of the individual who is the subject of the complaint, the address of the property involved in the complaint, and a general description of the complaint.  The notification sent to the United States will include a copy of the complaint if it was made in writing, or a copy of the complaint log, if it was made orally.  Defendant WRRHA will promptly provide the United States all information it may request concerning any such complaint.  Defendant WRRHA will also inform the United States, in writing, of the substance of any resolution of the complaint within fourteen (14) days of such resolution.

34.    Within ninety (90) days of the effective date of this Order, and every six (6) months thereafter for the duration of this Order, Defendant Johnson will deliver to counsel for the United States a report certifying that he (a) is not participating in any public housing program, (b) is not

performing any Property Management Responsibilities, (c) has not entered any part of any of the WRRHA Properties, and (d) has not engaged in contact or communication with Ms. Stormont. The report will also list all residential rental properties in which Defendant Johnson has a direct or indirect management, ownership, financial, or controlling interest.

35.   Within ninety (90) days of the effective date of this Order, and every six (6) months thereafter for the duration of this Order, Defendant WRRHA will deliver to counsel for the United States a report containing information about their compliance efforts during the preceding reporting period, including, but not limited to:

        a.    Certification that the non-discrimination policy and formal complaint procedure described in Paragraph 20 has been implemented, is in effect, and has been provided to all new tenants;

        b.    Copies of all written verifications of the nondiscrimination training conducted pursuant to Section III above;

        c.    A list of all residential rental properties in which Defendant WRRHA has a direct or indirect management, ownership, financial, or controlling interest;

        d.    A list of all current clients of Defendant WRRHA, with an address and contact telephone number for each client;

        e.    A list of all prospective clients currently on waiting lists for WRRHA programs, with an address and contact telephone number for each prospective client; and

        f.    Any documents required by any provision of this Consent Order to the extent not previously provided.

36. In addition to the reports required above, Defendants will submit a final report to the United States no later than sixty (60) days before the expiration of this Order.

37. Defendants will preserve and maintain all records that are the source of, contain, or

relate to any of the information pertinent to their obligations under this Order, including HCV program waitlist records, HCV recipient records, rental records, maintenance records, client correspondence, and rental policies and procedures.

38. Upon reasonable notice, Defendants will permit counsel for the United States to inspect and copy all non-privileged records pertinent to this Order.

## V.   COMPLIANCE TESTING

39.   The United States may take steps to monitor Defendant WRRHA's compliance with this Consent Order including, but not limited to, conducting fair housing tests at any location(s) in which Defendant WRRHA employees or agents administer the HCV program.  Defendant WRRHA agrees to cooperate with the United States in any review of compliance.

## VI.   MONETARY DAMAGES FOR AGGRIEVED PERSON

40.   Within fourteen (14) days of entry of this Consent Order, Defendant WRRHA will pay monetary damages in the total amount of SEVENTY THOUSAND DOLLARS ($70,000) to Michelle Stormont by making a payment on her behalf to her attorneys by a check payable to Legal Aid of Arkansas, Trustee for Michelle Stormont.  Legal Aid of Arkansas will hold this payment in trust for Ms. Stormont's benefit.

41.   Upon receipt of the payment described in Paragraph 40, counsel for Ms. Stormont will provide Defendants with a release in the form of Attachment B.

42.   The compensation required to be paid under this Section is a debt within the meaning of 11 U.S.C. § 523(a)(6).  Accordingly, Defendant WRRHA will not seek to discharge any part of this debt in bankruptcy.

## VII.   DURATION, MODIFICATION, AND ENFORCEMENT

43.   This Consent Order is effective immediately upon its entry by the Court.  For purposes of this Order, the phrases "effective date" and "date of this Consent Order" will refer to the date on

which the Court enters this Consent Order.

44.     Unless otherwise specified or extended pursuant to Paragraph 46, the provisions of this Consent Order will be in effect for a period of four (4) years from the date of this Consent Order. The Court will retain jurisdiction for a period of four (4) years after the effective date, for the purpose of enforcing or interpreting the provisions of this Consent Order, after which time the case will be dismissed with prejudice.

45.     The United States and Defendants agree that in the event either Defendant engages in any future violation of the Fair Housing Act, such violation will constitute a "subsequent violation" under 42 U.S.C. § 3614(d)(1)(C)(ii) for purposes of assessing civil penalties. This provision applies to any future violation, whether resolved voluntarily or through judicial proceedings. The parties acknowledge that Defendant WRRHA denies wrongdoing in this case, resolved it to avoid the cost and expense of further litigation, and does not intend for this consent decree to be construed as an admission of liability by Defendant WRRHA.

46.     Without further order of the Court, the Parties may mutually agree, in writing, to reasonable extensions of time to carry out any provisions of the Consent Order. In addition, the United States may move the Court to extend the terms of this Consent Order in the event of noncompliance with any of its terms, or if the interests of justice so require.

47.     The Parties will endeavor in good faith to resolve informally any differences regarding interpretation of and compliance with this Order prior to bringing such matters to the Court for resolution. However, in the event the United States contends that there has been a failure by any Defendant, whether willful or otherwise, to perform in a timely manner any act required by this Order, or otherwise to act in conformance with any provision thereof, the United States may move this Court to impose any remedy authorized by law or equity, including, but not limited to, an order

requiring performance or non-performance of certain acts, and an award of any damages, costs, and reasonable attorneys' fees, if otherwise allowed by law, which may have been occasioned by the violation or failure to perform.

## VIII.  MISCELLANEOUS

48.  The Parties agree that as of the effective date of this Consent Order, litigation is not "reasonably foreseeable" concerning the matters described in the United States' Complaint.  To the extent that any of the Parties previously implemented a litigation hold to preserve documents, electronically stored information (ESI), or things related to the matters described in the Complaint, they are no longer required to maintain such a litigation hold.  Nothing in this paragraph relieves any of the Parties of any other obligations imposed by this Consent Order.

49.  Except as otherwise provided in Paragraph 47, above, the United States and Defendants will bear their own costs and attorneys' fees associated with this litigation.

**IT IS SO ORDERED** this **14** day of __ **October** __, 2021.

Kristine G. Baker

UNITED STATES DISTRICT JUDGE

17

Dated:  September 30, 2021

Respectfully submitted,

FOR PLAINTIFF UNITED STATES OF AMERICA:

JONATHAN D. ROSS
Acting United States Attorney
Eastern District of Arkansas

KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division

SAMEENA SHINA MAJEED
Chief

*/s/ Shannon S. Smith*
SHANNON S. SMITH
Arkansas Bar No. 94172
Civil Chief
United States Attorney's Office
425 West Capitol Avenue Suite 500
Little Rock, AR 72201
Telephone (501) 340-2600
Facsimile: (501) 340-2728
Email: ssmith4@usa.doj.gov

*/s/ Julia Garrison*
TIMOTHY MORAN
Ill. ARDC No. 6207397
Deputy Chief
ERIN MEEHAN RICHMOND
Massachusetts Bar No. 650975
JULIA GARRISON
DC Bar No. 1614977
Trial Attorneys
Housing and Civil Enforcement Section
Civil Rights Division
U.S. Department of Justice
4 Constitution Square
150 M Street, NE
Washington, DC  20530
Phone: (202) 353-5029
Fax: (202) 514-1116
julia.garrison@usdoj.gov

18

FOR DEFENDANTS:

WHITE RIVER REGIONAL
HOUSING AUTHORITY
Defendant

By: _____

BARRETT S. MOORE
Bar Number 2009118
BLAIR & STROUD
P. O. Box 2135
Batesville, AR 72503
870-793-8350
870-793-3989 (fax)
bsm@blastlaw.com

DUANE JOHNSON,
*Pro Se* Defendant

_____
DUANE JOHNSON, *Pro Se*

18

## ATTACHMENT A

### List of Residential Rental Properties

**Defendant Johnson**

None

**Defendant WRRHA**

**Bradford Apartments**
411 Denson
Bradford, AR 72020

**Cedar Ridge Apartments**
345 2nd Street
Ravenden, AR 72459

**Cottonwood**
603 NE Carolina St.
Walnut Ridge, AR 72476

**Crestview Terrace**
200 Highland
Calico Rock, AR 72519

**Cushman Housing**
25 Cush Street
Cushman, AR 72526

**Cypress Knoll**
623 Johnson
Cave City, AR 72521

**Diaz Apartments**
2719 Carr Circle
Diaz, AR 72112

**Foxfire Apartments**
11 Foxfire Circle
Ash Flat, AR 72513

**Hackett Manor**
436 Pine Street
Clinton, AR 72031

**Inman Acres**
108 East Walnut
Russell, AR 72139

20

**Kensett Apartments**
600 Doniphan Street
Kensett, AR 72082

**Melbourne Meadows**
68 Rebecca Street
Melbourne, AR 72556

**MHA Dixon Street**
110 Dixon Street
Melbourne, AR 72556

**MHA Red Brick**
135 College
Melbourne, AR  72556

**MHA White Brick**
185 College
Melbourne, AR  72556

**MHA Mt Pleasant**
45 Rudolph
Mt. Pleasant, AR  72561

**Mtn View Housing**
311 Warren
Mtn. View, AR  72560

**Parkview**
206 West South Street
Cave City, AR  72521

**Pecan Valley**
106 East College
Bono, AR  72416

**Pioneer Village**
402 N Knox Ave
Mtn. View, AR  72560

**Pleasant Valley**
400 North High Street
Heber Springs, AR

**Richwood**
10 Tenants Cove
Ash Flat, AR  72513

**Ridgecrest**
517 Gayler Street

21

Mtn. View, AR  72560

**Spring River**
710 East Main
Hardy, AR  72542

**Strawberry Fields**
25 N Main
Strawberry, AR  72469

**Sun Valley**
353 West Ross
Batesville, AR  72501

**Swifton Housing**
104 Main
Swifton, AR  72471

**Sycamore Terrace**
101 Sycamore Lane
Bald Knob, AR  72010

**Tanglewood**
102 East College
Bono, AR  72416

**West Pine**
1490 Hwy 258
Bald Knob, AR  72010

**ATTACHMENT B**

**Release**

In consideration for the Parties' agreement to the terms of the Consent Order entered into in the case of *United States v. White River Regional Housing Authority and Duane Johnson*, (E.D. Ark.), as approved by the United States District Court for the Eastern District of Arkansas, and in consideration for the payment of $ 70,000, I hereby fully, finally, and forever release and discharge the Defendants named in this lawsuit, as well as their insurers, agents, employees, successors, assigns, and heirs, from any and all claims and damages I may have related to or arising from the facts at issue in the litigation referenced above, as of the date of the entry of the Consent Order.

Executed this _____ day of _____, 2021.

_____                          APPROVED:

Signature

_____                          _____

Print Name                                              Jason Auer
                                                        LEGAL AID OF ARKANSAS
                                                        Attorneys for Michelle Stormont
                                                        870-972-9224, Ext. 6318
                                                        jauer@arlegalaid.org

STATE OF ARKANSAS                    )
                                    ss.)
COUNT OF _____             )

On this day there personally appeared before the undersigned, a notary public in and for the county and state aforesaid, **MICHELLE STORMONT**, to me well known as or satisfactorily proven to be a party to the foregoing Release and stated that she had signed and acknowledged the above instrument for the purposes therein mentioned and set forth.

WITNESS my hand and official seal on this the ____ day of _____, 2021.

                                                        _____

                                                        Notary Public

My Commission Expires:_____

23